UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITE HERE LOCAL 100 and WILLIAM
GRANFIELD, as President of UNITE HERE
LOCAL 100,

          Petitioners,

    -v-                                      No.  15 CV 1203-LTS-MHD

WESTCHESTER HILLS GOLF CLUB, INC.,

          Respondent.

--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Petitioners UNITE HERE Local 100 and William Granfield, President of UNITE

HERE Local 100 (collectively, "Petitioners" or "UNITE HERE") and Respondent Westchester

Hills Golf Club, Inc. ("Respondent" or "WHGC") have filed cross-motions for summary

judgment to confirm or vacate a labor arbitration award dated January 28, 2015 (the "2015

Award").  Petitioners have also requested an award of: (1) post-award, pre-judgment interest;

and (2) attorneys' fees and costs incurred in litigating these motions.  Because this is a suit

involving an employer and a labor organization, this Court has jurisdiction pursuant to the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c).  The Court has considered

the parties' submissions carefully and, for the reasons stated below, grants Petitioners' motion

for confirmation of the 2015 Award and Petitioners' request for pre-judgment interest, denies

Respondents' cross-motion to vacate the 2015 Award, and denies Petitioners' request for

attorneys' fees and costs.

<u>BACKGROUND</u>

This case arises from the Respondent's discharge of its employee, Timothy Cremin, on December 7, 2013. (Petition ¶ 8.) The relevant facts discussed herein are drawn from the 2015 Award (Petition Ex. E (2015 Award)), except as otherwise noted, and are not disputed by the parties.

UNITE HERE and WHGC are parties to a Collective Bargaining Agreement ("CBA") via WHGC's membership in the Federation of Country Clubs. (<u>See</u> Petition Ex. A (CBA)). The CBA contains a mandatory grievance and arbitration provision that covers disputes arising in the context of employment decisions such as termination. (<u>Id.</u> at Art. 28.)

Cremin was hired as a bartender at WHGC in or around 2000. (2015 Award at 4.) He was first discharged from his employment at WHGC in December 2009, after an altercation with the club's manager. (<u>Id.</u> at 4, 24.) UNITE HERE filed a grievance as to this discharge, which was arbitrated in 2010. (<u>Id.</u>) In October 2010, the arbitrator issued a final award (the "2010 Award") that reinstated Cremin but placed him on a "Final Warning that any future incident of insubordination or use of inappropriate language directed at supervision, fellow employees, Club members or guests can establish grounds for summary discharge." (2015 Award at 4-5; <u>see</u> <u>also</u> Cross-Petition Ex. F (2010 Award) at 11.)

In November 2011, WHGC suspended Cremin and, in December 2011, told Cremin that it was prepared to terminate his employment, but offered him a "Last Chance Agreement" ("LCA") to resolve any grievance regarding the proposed discharge. (2015 Award at 5.) The LCA provided, <u>inter</u> <u>alia</u>, that if Cremin "engages in any infraction . . . [WHGC] has the right to terminate his employment and the only issue which can be submitted to arbitration is whether or not [Cremin] had in fact committed the infraction." (<u>Id.</u> at 5-6.)

On August 8, 2013, Cremin worked as a bartender at a bereavement lunch hosted at the club by a WHGC member.  (Id. at 6.)  On August 13, 2013, the WHGC member who had hosted the lunch wrote an email complaining about Cremin's behavior during the event, stating that Cremin "was inhospitable, rude and insulting."  (Id.)  Two days after receiving this email, WHGC informed Cremin that he was suspended.  (Id.)  WHGC then terminated Cremin on December 7, 2014.  (Id.)  On December 10, 2013, UNITE HERE filed a grievance over Cremin's discharge.  (Id. at 7.)  The parties arbitrated the grievance, and the arbitrator issued the 2015 Award after holding one day of hearings in December 2014.  (Id. at 2.)

In the 2015 Award, the arbitrator ruled that the LCA was void and unenforceable under the CBA, and that WHGC did not have just cause to terminate Cremin's employment.  (Id. at 16.)  The arbitrator ordered Cremin reinstated with full back pay, seniority, and benefits.  (Id. at 25.)

Following the issuance of the 2015 Award, UNITE HERE made verbal and written demands upon WHGC for Cremin's reinstatement pursuant to the arbitrator's ruling.  (Petition ¶ 14.)  WHGC refused to reinstate Cremin.  (Id. ¶ 15.)  On February 19, 2015, UNITE HERE filed the instant Petition to confirm the 2015 Award.  (Docket entry no. 1.)  WHGC filed a Response on April 16, 2015, requesting that the 2015 Award be vacated.  (Docket entry no. 10.)  Thereafter, the parties cross-moved for summary judgment as to whether the 2015 Award should be confirmed or vacated.  (Docket entry nos. 13, 20, and 27.)

DISCUSSION

The Supreme Court and the Second Circuit have recognized that the LMRA imposes "materially the same" standard for review of an arbitral award as does the Federal Arbitration Act ("FAA"); cases decided under the FAA are therefore instructive in the LMRA

context.  Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv., 754 F.3d 109, 112 n.4 (2d

Cir. 2014) (citing Oxford Health Plans LLC v. Sutter, -- U.S. --, 133 S. Ct. 2064, 2068 (2013)).

        Vacatur of an arbitral award is appropriate "only in very unusual circumstances."

Sutter, 133 S. Ct. at 2068.  Where, as here, a party moves for vacatur on the grounds that an

arbitrator exceeded his powers, the "sole question" for the reviewing court "is whether the

arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right

or wrong."  Id.  Only where an arbitrator "strays from interpretation and application of the

agreement and effectively 'dispense[s] his own brand of industrial justice'" is the resulting

award unenforceable as exceeding the bounds of the arbitrator's authority.  Stolt-Nielsen S.A. v.

AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010) (quoting Major League Baseball Players

Ass'n v. Garvey, 532 U.S. 504, 509 (2001)).  An arbitrator's "factual findings and contractual

interpretation are not subject to judicial challenge."  Westerbeke Corp. v. Daihatsu Motor Co.,

Ltd., 304 F.3d 200, 214 (2d Cir. 2002).  Rather, an award will be enforced "despite a court's

disagreement with it on the merits, if there is a *barely colorable justification* for the outcome

reached."  Wallace v. Buttar, 378 F.3d 182, 190 (2d Cir. 2004) (internal quotation marks and

citation omitted) (emphasis in original).

        WHGC seeks vacatur of the 2015 Award on three grounds, arguing that: (1) the

arbitrator exceeded his powers by disregarding the 2010 Award's "Final Warning" provision,

which WHGC argues gave it the right to terminate Cremin; (2) the arbitrator exceeded his

powers by invalidating the LCA, which WHGC argues is a second, independent source of its

authority to terminate Cremin; and (3) the arbitrator incorrectly failed to consider mitigation in

calculating damages, resulting in an arbitrary and capricious award.  None of these arguments

identifies a proper ground for vacatur of the 2015 Award.

Disregard of the 2010 Award

The arbitrator held that the 2010 Award's Final Warning provision regarding grounds for summary termination did not apply to validate the summary termination of Cremin's employment because WHGC did not establish a record of conduct by Cremin that was comparable to misconduct to which the Final Warning would apply.  (2015 Award at 24.) Respondent asserts that the 2015 Award should be vacated because the arbitrator improperly disregarded the "Final Warning" provision of the 2010 Award.  This objection is not supported by the record, which demonstrates that the arbitrator considered and construed the 2010 Award. (Id. at 22-24.)  Having reviewed the hearsay account upon which the WHGC had made its termination decision and considered the evidentiary presentation at the arbitral hearing, the arbitrator found WHGC's case for summary termination lacking on factual grounds, and interpreted the agreement's Final Warning as inapplicable to the conduct of record.  As explained above, an arbitrator's factual findings are not subject to judicial challenge.  An arbitrator's interpretation of the parties' contract likewise precludes judicial second-guessing, whether or not the court agrees with the arbitrator's interpretation.  See Sutter, 133 S. Ct. at 2068; Westerbeke, 304 F.3d at 214.  Insofar as the Final Warning defined circumstances under which the underlying agreement permitted summary termination, the arbitrator's interpretation and application of the terms of the 2010 Award constituted interpretation and application of the agreement, and clearly were within the scope of the authority that the parties granted to the arbitrator.  WHGC's motion is therefore denied to the extent that it is premised on alleged disregard of the Final Warning provision of the 2010 Award.

Enforceability of the LCA

The arbitrator rejected WHGC's argument that it was entitled to terminate Cremin under the LCA, holding that the CBA did not permit WHGC and Cremin to settle a grievance without the presence of a union representative, and finding that they had done so in executing the LCA. (2015 Award at 17.) In making these findings, the arbitrator reviewed the language of the CBA and cited relevant precedent, distinguishing cases cited by WHGC. (Id. at 17-20.) Respondent objects to the arbitrator's determination that the LCA was not enforceable. (See docket entry no. 29 at 22.) Respondent asserts that the arbitrator erred in interpreting the LCA, and that the arbitrator's decision was based on a mistake of fact and should be vacated because it is unsupported by the record. (Id. at 23-24.)

The arbitrator held that the LCA was invalid because Article 28 of the CBA requires the involvement of a Union representative during the resolution of complaints and grievances, but no Union representative was involved during the negotiation of the LCA, which resolved a grievance. Respondent characterizes the agreement as the resolution of a suspension and threatened termination, arguing that both employment actions were within the scope of its general management powers under Section 22.1 of the CBA (pertaining to employer rights, inter alia, to "suspend, discharge or otherwise discipline employees") and the discipline provisions of Article 6 of the CBA (providing that, inter alia, no employee shall be discharged, laid off, or suspended without just cause (§ 6.1), requiring immediate notice to Union of suspension or discharge and reason therefor (§ 6.2), and providing procedure for Union protest of action (§ 6.3)). According to Respondent, the arbitrator committed factual error in determining that the LCA resolved a grievance.

Respondent's arguments are refuted by the express language of the LCA, which recites that it is "in settlement of the grievance" between Cremin and WHGC. (2015 Award, at 5 (quoting LCA).) The arbitrator was well within his authority to conclude, based on this language alone, that the LCA addressed matters governed by Article 28 of the CBA, and that the LCA was therefore unenforceable because the provisions of Article 28 were not followed. (2015 Award, at 16.) Nor was it at all illogical for the arbitrator to construe an agreement triggered by a suspension and the threat of termination as the putative resolution of any anticipated grievance, or dispute, concerning the suspension and/or threatened termination. These circumstances are more than sufficient to provide a "barely colorable justification" for the conclusion the arbitrator reached, which is all that this Court need find to uphold the award. Wallace, 378 F.3d at 190. Respondent's motion to vacate the award is therefore denied insofar as it is premised on the arbitrator's rejection of the LCA.[1]

Respondent's Objection to the Damages Award

The 2015 Award reinstates Cremin to his position "with full back pay, less unemployment compensation benefits, seniority credit and commensurate fringe benefits." (2015 Award at 25-26.) WHGC asserts that the arbitrator did not consider Cremin's obligation to use reasonable efforts to mitigate his damages by seeking other employment. Citing a New

---

[1]     Respondent's additional arguments concerning waiver of rights under the CBA, the strength of its record concerning Cremin's alleged misconduct, and the arbitrator's determinations regarding the lack of progressive discipline amount to no more than disagreement with the arbitrator's legal and factual conclusions and are unavailing. Respondent has not shown that the arbitrator "stray[ed] from interpretation and application of the [relevant] agreement[s]." See Stolt-Nielsen, 559 U.S. at 671. "Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand . . . ." American Postal Workers Union, AFL-CIO, 754 F.3d at 113 (quoting Sutter, 133 S. Ct. at 2068 (alterations and internal quotation marks omitted).) The 2015 Award clearly reflects construction and application of the CBA.

York state court decision arising from review of the decision of a state administrative body,[2]

Respondent argues that the arbitrator's alleged failure to consider mitigation was "arbitrary and

capricious" and that the award must therefore be vacated as an "abuse of discretion." (Docket

entry no. 29 at 30-31.) Respondent's reliance on New York state law review standards for

administrative decisions is misplaced. The standard of review for arbitral decisions under the

LMRA and the FAA is far narrower, as explained above. Respondent has not shown that the

arbitrator here exceeded his authority or that any of the other narrow recognized grounds for

vacatur is applicable. Furthermore, the arbitrator noted in the 2015 Award that the record

included evidence that Cremin attempted to mitigate his damages but that "his efforts to seek

work were of no avail." (2015 Award at 15.) The arbitrator may reasonably be understood to

have considered and rejected WHGC's position that Cremin did not use reasonable efforts to

mitigate his damages, and this Court has no authority to disturb that conclusion. See

Westerbeke, 304 F.3d at 214.

> Petitioners' Request for Pre-judgment Interest

This Court has the inherent authority to award pre-judgment interest in

connection with the confirmation of an arbitral award. See Waterside Ocean Navigation Co.,

Inc. v. Int'l Navigation Ltd., 737 F.2d 150, 153 (2d Cir. 1984). There is a presumption in favor

of awarding pre-judgment interest running from the time of the award through the court's

judgment confirming the award, at a rate prescribed by the state statutory law governing the

contract. In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.,

420 F. Supp. 2d 223, 226-27 (S.D.N.Y. 2005) (Chin, J.). Here, the CBA does not include a

---

[2]       See 121-129 Broadway Realty, Inc. v. N.Y. State Div. of Human Rights, 48 A.D.2d
975, 976 (3d Dep't 1975).

choice of law clause, but the parties reside in New York and the arbitration was seated in New York.  This Court will therefore grant Petitioners pre-judgment interest at the statutory New York rate of 9 percent per annum.  N.Y. C.P.L.R. §§ 5001-04; see Serv. Employees Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs., LLC, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) ("Because the LMRA is silent with respect to a prejudgment interest rate, the common practice among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law." (internal quotation marks omitted)).

      Petitioners' Attorneys' Fees and Costs

      Petitioners also request an award of attorneys' fees and costs.  There is no provision in the CBA or the 2015 Award for attorneys' fees, nor is such an award contemplated by the LMRA.  See 29 U.S.C. § 185.  To award attorneys' fees pursuant to this Court's inherent power, the Court must find that the unsuccessful party brought a claim "without a colorable basis" and "in bad faith."  Manios v. Zachariou, No. 14 CV 4331, 2015 WL 1455696, at * 7 (S.D.N.Y. Mar. 31, 2015).  Although Respondent's arguments here are unavailing, the Court finds no basis for concluding that they were made in bad faith.  Petitioner's request for attorneys' fees and costs is therefore denied.

CONCLUSION

      For the foregoing reasons, Petitioners' motion to confirm the 2015 Award is granted and Respondent's cross-motion to vacate the award is denied.  WHGC is therefore ordered to restore Cremin to his position as a bartender, effective immediately, with full back pay, less unemployment compensation benefits, seniority credit, and commensurate fringe benefits, plus pre-judgment interest at a rate of 9 percent per annum from January 28, 2015, to the date judgment is entered in this matter.  Petitioners' request for attorneys' fees and costs is

denied.  The Clerk of Court is requested to enter judgment in favor of Petitioners accordingly

and close this case.  The pre-trial conference scheduled for February 11, 2016, is cancelled.  This

Order resolves docket entry nos. 13, 20, 27, and 42.

       SO ORDERED.

Dated: New York, New York
       February 10, 2016

                   /s/ Laura Taylor Swain
                   LAURA TAYLOR SWAIN
                   United States District Judge